# Battle, S. *v.* The State

## *Petit Larceny.*

(Decided June 13, 1907. 45 So. Rep. 68.)
(Rehearing denied Dec. 19, 1907.)

*Criminal Law; Appeal; Bill of Exceptions.*—Where the bill of exceptions is signed after the adjournment of the court trying the cause and the record shows no order made in term time extending the time for signing the bill in vacation, such bill of exceptions cannot be considered.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. A. EVANS.

Sandy Battle was convicted of petit larceny and appeals. Affirmed.

C. S. McDOWDELL, Jr., for appellant. Charge 1 should have been given.—*Churchwell v. The State,* 117 Ala. 124. Charge 2 should have been given.—*Jackson v. The State,* 136 Ala. 22; *Churchwell v. The State, supra; Burton v. The State,* 115 Ala. 1.

ALEXANDER M. GARBER, Attorney General, for the State. No order is shown granting extension of time for signing bill of exceptions, and there is no error in the record.

[Battle v. The State.]

DOWDELL, J.—What purports to be a bill of exceptions in the transcript was signed by the judge who presided at the trial after the adjournment of court and in vacation. The record fails to show any order of the court in term time authorizing the signing of the bill of exceptions in vacation. The bill therefore cannot be looked to or considered for any purpose.

No error appearing otherwise of record, the judgment appealed from will be affirmed.

Affirmed.


TYSON, C. J., and ANDERSON and DENSON, JJ., concur.


